```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
           FILED
        NOV 14 2006
    JOHN F. CORCORAN, CLERK
    BY: /s/
        DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBRA F. COOK, | Civil Action No. 7:06CV00214 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Debra F. Cook, was born on May 23, 1964, and eventually completed her high school education. Mrs. Cook has worked as a restaurant manager, cashier, and school custodian. She last worked on a regular basis in 2003. On November 19, 2003, Mrs. Cook filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on October 31, 2003 due back injuries suffered in an automobile accident. Mrs. Cook now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mrs. Cook's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 5, 2005, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Mrs. Cook suffers from degenerative disc disease of the lumbar spine and obesity. Because of these problems, the Law Judge determined that plaintiff is disabled for all forms of past relevant work activity. The Law Judge assessed Mrs. Cook's residual functional capacity as follows:

> The claimant has the following residual functional capacity: to perform a range of light work activity. She can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about six hours in an 8-hour workday, sit about six hours in an 8-hour workday, limited by the necessity of work which affords a sit/stand option. (TR 23)

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Cook retains sufficient functional capacity to perform several light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Cook is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. §§ 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Cook has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical

2

manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The medical record confirms that Mrs. Cook was injured in an automobile accident on March 21, 2003. Her injuries were not so severe as to require an overnight hospital stay, and she returned to work several days after the accident. However, in the weeks that followed, Mrs. Cook complained of back discomfort. Thereafter, she was treated by a variety of doctors, primarily Dr. Robert S. Strong, her regular family physician. Other than for notation of a slight disc bulge, objective studies proved essentially negative. Nevertheless, Mrs. Cook continued to experience back pain. In the months following her injury, plaintiff has received extensive testing, physical therapy, and epidural steroid injections in an attempt to control her pain. She has used a TENS unit for pain control. However, Mrs. Cook did not enjoy any measurable relief. Dr. Strong reported on October 28, 2004 that plaintiff was not capable of working. (TR 240).

Following further deterioration in plaintiff's condition, Dr. Strong ordered a CT myelogram on January 4, 2005. The myelogram revealed a central and left paracentral disc herniation at L5-S1 with possible impingement. Based on these findings, as well as increased weakness in the lower extremities, Dr. Strong referred Mrs. Cook to Dr. John Jane at the University of Virginia Medical Center for a neurological consultation. Dr. Jane opined that there was nothing of any great significance in plaintiff's objective studies, and he recommended that she be taken off her pain medication and advised to lose weight. (TR 223). In apparent disagreement with Dr. Jane, Dr. Strong has continued to diagnose significant and disabling musculoskeletal dysfunction.

3

Subsequent to the final decision of the Commissioner, new medical evidence was submitted by plaintiff. It seems that on May 2, 2006, a local neurosurgeon, Dr. James Vascik, saw plaintiff at the request of Dr. Strong. Dr. Vascik concluded that the earlier myelogram demonstrated a central and left paracentral disc herniation at L5-S1, and that surgery was recommended. Dr. Vascik performed left L5-S1 hemilaminotomy mesial facetectomy and diskectomy on May 5, 2006. During the surgery, Dr. Vascik confirmed the presence of nerve root impingement. Plaintiff now seeks remand of her case to the Commissioner for consideration of the new medical evidence.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d, 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

Based on the conflict in the medical record considered by the Administrative Law Judge, the court is unable to conclude that Mrs. Cook has met the burden of proof in establishing total disability for all forms of substantial gainful employment. However, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for consideration of the new medical evidence. Plaintiff has submitted all of the new reports to the court, so there is no question

4

as to the nature of the new evidence. Furthermore, inasmuch as the new surgical procedure was conducted as part of the ongoing treatment of plaintiff's condition, there is clearly "good cause" for failure to submit the new evidence during the period of time the claim was under consideration by the Commissioner. Finally, inasmuch as Dr. Vascik undertook surgical intervention based on the myelogram that was obtained prior to issuance of the Law Judge's opinion, the court concludes that the new evidence is relevant to the assessment of plaintiff's condition during the period of time adjudicated by the Commissioner.

The court also finds that the new medical evidence is probative, and that consideration of Dr. Vascik's operative notes, and plaintiff's post-surgical treatment, might well result in a different disposition as to plaintiff's claim for disability insurance benefits. Clearly, Dr. Vascik's report indicates that Mrs. Cook was experiencing nerve root impingement which could have been expected to have resulted in significant subjective discomfort. Dr. Vascik's report undercut's Dr. Jane's neurological evaluation, which weighed heavily in the Law Judge's decision to deny entitlement to benefits. There appears to be some merit to plaintiff's contention that Dr. Vascik's observations tend to validate Dr. Strong's earlier assessment as to the severity and impact of plaintiff's symptoms. The court believes that it would be unfair to assess the significance of plaintiff's back condition without considering her recent surgical procedure, and the court concludes that consideration of the new evidence by the Commissioner might well result in a different administrative disposition in this matter. Accordingly, the court concludes that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See Borders v. Heckler, supra.

5

The court has determined that proper adjudication of plaintiff's claim for benefits can be effected only through consideration of the new medical evidence. Therefore, upon plaintiff's demonstration of "good cause," the court must remand the case to the Commissioner for further development and consideration. 42 U.S.C. § 405(g). An appropriate judgment and order will be entered this day. If the Commissioner is unable to decide this case in plaintiff's favor based on the existing record and the new medical evidence, the Commissioner shall conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 13th day of November, 2006.

_____
United States District Judge

6

Case 7:06-cv-00214-GEC   Document 15   Filed 11/14/06   Page 6 of 6   Pageid#: 102